UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sharon Mahn,<br><br>            Plaintiff,<br><br>   -against-<br><br>Allegis Group, Inc. and<br>Major, Lindsey & Africa, LLC,<br><br>            Defendants. | Docket No.: 24 Civ. 8326 (GHW) |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
<u>TO DISQUALIFY COUNSEL OF RECORD</u>

                Respectfully submitted,

                Brazzano Law PLLC

                <u>/s/ Rebecca Brazzano</u>
                Rebecca Brazzano
                43 West 43rd Street, Ste. 264
                New York, NY 10036
                RBrazzano@BrazzanoLaw.com
                (516) 365-3812
                *Attorneys for Sharon Mahn*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY**

Pursuant to this Court's Order of December 19, 2024 [ECF 20] and the New York State Rules of Professional Conduct, Plaintiff, Sharon Mahn, moves to disqualify counsel for Defendants: the law firm Smith Gambrell & Russell LLP ("Defense Firm"). As more fully set forth below, the Defense Firm must be disqualified because three attorneys from that office, including one recently admitted here *pro hac vice* (*id.* ¶107, Doyle *pro hac* application (ECF Docket No. 13), granted *pro hac* admission (ECF Docket No. 16), are all material witnesses on significant issues of fact.

1. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

As more fully set forth in her *First Amended Complaint – Verified* ("Complaint") (ECF 24], which Plaintiff incorporates herein fully by reference, the present dispute arises as the result of Defendants abuse of process, defamation, and negligent/intentional infliction of emotion distress, stemming from the Defendants systemic persecution of Ms. Mahn through, amongst other unlawful conduct, specious defamatory statements.

Ms. Mahn has specifically pled causes for defamation and abuse of process, and that Defendants, by and through their authorized agents, the attorneys associated with Smith Gambrell & Russell LLP (specifically, David Doyle ("Doyle"), Daniel Goldstein ("Goldstein), and Elizabeth L. Janczak ("Janczak")) have each interposed and published unprivileged defamatory statements.

Count II of the Complaint alleges that Defendants, through their authorized agent, Doyle and Goldstein, defamed her in their unprivileged statement that Major, Lindsey & Africa "wanted to recover the damages it suffered due to [Ms.] Mahn's criminal conduct," as inked and published by attorneys Goldstein and Doyle on March 11, 2024.

That March 2024 statement is *per se* defamatory, not privileged, and unprovable, as alleged in Ms. Mahn's Complaint here (¶¶358-376). The Complaint [ECF 24] confirms the verified factual allegations that:

- Major, Lindsey & Africa authorized agents, Doyle and Goldstein, literally lied in its March 11, 2024 submission to the New York State Supreme Court (NYSCEF Doc. No. 67), falsely stating that Ms. Mahn engaged in "criminal conduct," a fact that is in all events false, and constitutes defamation *per se* while it sought to stuff Ms. Mahn's sexual assault and related claims in a forced arbitration and to evade the consequences of their collaborative unlawful conduct, hoping to tip the scales of justice with their falsifications to deter any meaningful investigation into the claims pled in the Verified Complaint in the New York Action (*id.* ¶359);

- Wasson, as Allegis' authorized agent, and Doyle and Goldstein, as Major, Lindsey & Africa's authorized agent, reviewed and approved the falsified and defamatory filing against Ms. Mahn prior to its filing and publication on March 11, 2024 (*id.* ¶361);

- None of the Defendants, nor their counsel, can cloak themselves behind the absolute privilege that would otherwise attach to a judicial filing, as the words they stroked, "criminal conduct," are not not pertinent, material or relevant in any way to the New York Action, and were so needlessly defamatory and warrant the factual inference of express malice, that strips away any semblance of protection afforded by any privilege, laying bare their liability to the claims advanced herein for defamation (*id.* ¶362);

- Defendants have conceded that *Youmans v Smith*, 153 NY 214, 220 (1897) remains good law in New York, wherein the New York Court of Appeals in *Youmans* confirmed, in relevant part, "If counsel through an excess of zeal to serve their clients, or in order to gratify their own vindictive feelings, go beyond the bounds of reason and by main force bring into a lawsuit matters so obviously impertinent as not to admit of discussion, and so needlessly defamatory as to warrant the inference of express malice, they lose their privilege and must take the consequences. In other words, if the privilege is abused, protection is withdrawn (*id.* ¶363-364).

Count III of the Complaint sets forth a claim for defamation as against Major, Lindsey & Africa authorized agents, Janczak, of the Smith Gambrell & Russell LLP, as Janczak literally lied in the July 5, 2024 Adversary Proceeding submission to the United States Bankruptcy Court, Southern District of New York, Docket 24-02822-mg, ECF No. 1, falsely stating that Ms. Mahn engaged in conduct that constituted embezzlement, larceny, and/or defalcation (*i.e.*, fraud), facts that are in all events false, and constitutes defamation *per se* while it sought block Ms. Mahn's ability to access the protections afforded by the Bankruptcy Code (*id.* ¶377-397). The record is unequivocal: Major, Lindsey & Africa did not once invoke the terms larceny, embezzlement, or defalcation during the arbitration proceedings with Ms. Mahn; its recently concocted defamatory accusations are nothing more than fabricated

nonsense, manufactured to suit their evolving narrative (*id.* ¶379). This blatant departure from the arbitration record underscores their willingness to distort the truth, weaponize falsehoods, and defame Ms. Mahn to further their specious agenda (*id.*). Janczak, as the authorized agent of Defendants, made these false and defamatory statements knowing that they were was false or with reckless disregard for its truth or falsity; Major, Lindsey & Africa's defamatory filing was an unlawful effort to tip the scales of justice with their falsifications to preclude a proper analysis of Ms. Mahn's rights under the protections of the bankruptcy laws (*id.* ¶380).

These statement are *per se* defamatory, not privileged, and unprovable, as alleged in Ms. Mahn's Complaint here.

**II.   ARGUMENT**

Plaintiff is cognizant that motions to disqualify are subject to "fairly strict scrutiny, particularly motions under the witness-advocate rule" to avoid impermissible tactical use of this Rule. *NAVCAN.DC, Inc. v. Rinde,* No. 23-CV-2267 (LGS) (JW), 2024 U.S. Dist. LEXIS 198510 (S.D.N.Y. Oct. 30, 2024) citing *Murray v. Metro*. Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009). "Generally, disqualification under [the] attorney-witness rule only occurs when the lawyer is an advocate at trial. However, Courts in this Circuit have found it appropriate to disqualify counsel when it was apparent the appearing attorney would be a crucial trial witness." *NAVCAN.DC, Inc. v. Rinde,* 2024 U.S. Dist. LEXIS 198510, *3-4*.

**III.   DISQUALIFICATION OF DOYLE**

Doyle's testimony is material to determine both whether the defamatory statement was negligent or intentional, and whether he was instructed to include the defamatory statement by Allegis counsel, Wasson, whether he made any diligent inquiry of the underlying arbitration award that makes no reference to any criminal conduct, his experience and knowledge of the legal differences and consequences of civil claims verses criminal claims under New York law, all of which are materially

relevant to Ms. Mahn's claims. Likewise, Doyle's testimony is not duplicative of any other witness.

Likewise the N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (Rule 3.7(a)) provide that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" and none of the Rules exceptions apply here. N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (Rule 3.7(a)).

Specifically, as relevant here, New York State Rule of Professional Conduct 3.7 governs "Lawyer as Witness." Section (a) states as follows:

> (a) A Lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> (1) The testimony relates solely to an uncontested issue;
>
> (2) The testimony relates solely to the nature and value of legal services rendered in the matter;
>
> (3) Disqualification of the lawyer would work substantial hardship on the client;
>
> (4) The testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
>
> (5) The testimony is authorized by the tribunal.

As Doyle has squarely put himself in the crosshairs by his defamatory unprivileged assertion that Ms. Mahn engaged in criminal conduct: such renders him a material fact witness on a crucial issue under Count II (alleging defamation) of the Complaint in this case. Further, Doyle does not satisfy any of the available exceptions under rule 3.7(a) requiring disqualification. Because the exceptions do not apply, Doyle should be disqualified. *See, e.g.*, *Poughkeepsie v. W.R. Grace & Co.*, 158 A.D.2d 647, 647-48 (N.Y. App. Div. 2d Dep't Feb. 26, 1990) (disqualifying an attorney having a dual rule as engineer and attorney, making him a potential witness); *Presser v. M. Spiegel & Sons Oil Corp.*, 106 A.D.2d 560 (N.Y. App. Div. 2d Dep't Dec 24, 1984) (disqualifying attorney and stating: "it should

have been 'obvious' to [] counsel that he 'ought to be called as a witness' and therefore, he should not have accepted employment in the contemplated litigation"); *see also Courtney v. Edelschick*, 157 A.D.2d 818, 818-21 (N.Y. App. Div. 2d Dep't Jan. 29, 1990) (disqualifying counsel and her law firm because counsel's "continued participation as counsel in this litigation is at best unseemly").

Ms. Mahn appreciates that the advocate witness rule requires a showing of a conflict not between herself and the lawyers subject to disqualification, but instead a material conflict between those lawyers and their own clients, Defendants here. There is an inherent conflict between Doyle and Defendants as to whether Doyle created defamatory liability by his inclusion of such statement in an unprivileged document, and/or whether Defendants have a claim for malpractice as the result of the inclusion of such a specious and defamatory statement.

Doyle has appeared as "LEAD ATTORNEY" and signed and filed on behalf of the Defendants, a Pre-Motion Letter (ECF No. 15) on December 12, 2024. Accordingly, Doyle has designated himself as trial counsel and must be disqualified pursuant to Rule 3.7(a).

### IV.    DISQUALIFICATION OF GOLDSTEIN

Because both Doyle and Janczak are material witnesses to Counts II and III of the Complaint, as each is responsible for publishing unprivileged defamatory statements against Ms. Mahn, and will be called to testify as to a substantive issue of liability, Goldstein and the remaining lawyers at Smith Gambrell & Russell LLP are disqualified pursuant to Rule 3.7(b).

The Rule provides that:

(b) A lawyer may not act as advocate before a tribunal in a matter if: (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client

As such, Goldstein cannot act as an advocate for Defendants here, as two lawyers in his firm, Doyle and Janczak, will be called as material witnesses by Ms. Mahn (not by their client Defendants

here) on the causes of action related to defamation, their individual conduct as alleged in the Complaint, and whether their conduct constituted negligent or intentional infliction of emotional distress, which by definition requires disqualification. Whether Doyle and Janczak conduct was negligent or intentional is a critical question as related to Ms. Mahn's related causes of action, and such is not duplicative of any other witness (other than it may directly conflict with Defendants' testimony in their collective efforts to evade liability).

Further, Defendants cannot claim prejudice, as this case is in its infancy and the time to disqualify is best considered at the first opportunity that the facts confirm disqualification is required under the Rules.

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion to Disqualify and that this Court disqualify the law firm of Smith, Gambrell & Russell LLP in this case, and award Plaintiff their fees and costs in having to bring this motion.

Dated: January 10, 2025
   New York, New York

                Respectfully submitted,

                Brazzano Law PLLC

                /s/ Rebecca Brazzano
                Rebecca Brazzano
                43 West 43rd Street, Ste. 264
                New York, NY 10036
                RBrazzano@BrazzanoLaw.com
                (516) 365-3812
                *Attorneys for Sharon Mahn*

## CERTIFICATE OF SERVICE

 I hereby certify that a true copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on January 10, 2025.

/s/ Rebecca Brazzano
Rebecca Brazzano
