```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
   SHARON MAHN,                               :
                                              :
                           Plaintiff,         :
                  -against-                   :     1:24-cv-8326-GHW
                                              :
   ALLEGIS GROUP, INC., et al.,               :     ORDER
                                              :
                           Defendants.        :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/2025

GREGORY H. WOODS, United States District Judge:

On January 10, 2025, Plaintiff filed the First Amended Complaint in this case after amending her original complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A). *See* Dkt. Nos. 23 & 24. On January 27, 2025, Defendants filed and served a motion to dismiss the First Amended Complaint. Dkt. No. 31.

Plaintiff has not filed opposition papers in response to Defendants' motion to dismiss. Instead, on February 14, 2025, Plaintiff purported to submit a second amended complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B). Dkt. No. 35. Later that day, the Court ordered Plaintiff to show cause why the purported second amended complaint should not be deemed ineffective given that she had "already amended her complaint as a matter of course pursuant to Rule 15(a)(1)(A)." Dkt. No. 36.

On February 18, 2025, Plaintiff submitted a response to the Court's order to show cause, Dkt. No. 37, and a corresponding declaration, Dkt. No. 38 (together, the "Response"). The Response concedes that the purported second amended complaint was filed in violation of the Federal Rules of Civil Procedure. Response at 2. Accordingly, the Court strikes the purported second amended complaint as improperly filed. *See* Fed. R. Civ. P. 12(f).

Plaintiff's Response also requests that the Court either "accept Plaintiff's as[-]filed Second

Amended Complaint *nunc pro tunc*," or, "in the alternative, construe [her] Response as a formal motion for leave to amend under . . . 15(a)(2)." Response at 1. The former request is denied. The Court's *nunc pro tunc* power is to be applied only in "exceptional circumstances," *Iavorski v. INS,* 232 F.3d 124, 130 n.4 (2d Cir. 2000), and is "typically aimed at rectifying any injustice to the parties suffered by them on account of judicial delay," *Iouri v. Ashcroft*, 487 F.3d 76, 87 (2d Cir. 2007) (quotations and alterations omitted). Here there was no judicial delay. Plaintiff simply "misapprehend[ded]" her amendment rights under Fed. R. Civ. P. 15(a)(1). Reply at 1.

Plaintiff's alternative request that the Court construe her response as a motion for leave to amend, *id.* at 7–8, is also denied, without prejudice to renewal later in this case. A district court should "freely give leave [to amend] when justice so requires," but "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The Court finds that a motion to amend at this time would be "premature." *Adams v. Bloomberg L.P.*, No. 20-CV-7724 (RA) (JLC), 2023 WL 1957681, at *16 (S.D.N.Y. Feb. 13, 2023), *adopted in relevant part*, 2023 WL 5769492 (S.D.N.Y. Sept. 7, 2023) (denying premature motion for leave to amend without prejudice). Defendants' motion to dismiss is currently pending without opposition, *see* Dkt. No. 31, even though the deadline to oppose Defendants' motion passed ten days ago on February 10, 2025, *see* S.D.N.Y. Local Civil Rule 6.1(b) (requiring that "any opposing or response papers" to motions under Fed. R. Civ. P. 12(b)(6) "be served within 14 days after service of the moving papers"). Granting a motion to amend would prejudice Defendants not only by delaying the resolution of their pending motion, but also by requiring them to expend the time and money to file additional papers in opposition to a motion to amend and potentially refile a separate motion to dismiss. *See Jankowski v. Eric M. Taylor Ctr.*, No. 14-CV-7434 AJN, 2015 WL 3939186, at *3 (S.D.N.Y. June 25, 2015) (Nathan, J.) (finding defendant was prejudiced by delay in resolution of its motion to dismiss,

2

noting that plaintiff had yet to oppose the motion and that "this Court endeavors to provide the parties appearing before it with prompt resolution of pending motions"); *see also Weaver v. Warrington*, No. 14CV7097ENVST, 2018 WL 5253110, at *2 (E.D.N.Y. Oct. 22, 2018) (denying leave to amend that would require party to "rewrite" pending motion for summary judgment "or have [its] resolution exponentially delayed").

In order to avoid further prejudice to Defendants, and to permit Plaintiff the opportunity to respond to Defendants' motion to dismiss, the Court will decline Plaintiff's invitation to construe her Response as a motion for leave to amend and instead grant Plaintiff more time to file opposition papers to Defendants' motion. If Plaintiff still wishes to amend the operative complaint following the resolution of Defendants' motion, she may move for leave to amend at that time.

For the reasons stated in this order, the pleading filed at Dkt. No. 35 is stricken. The deadline for Plaintiff to file opposition papers to Defendants' motion to dismiss the operative complaint, Dkt. No. 31, is extended by three weeks to March 13, 2025. Defendants' reply, if any, is due two weeks following service of Plaintiff's opposition.

SO ORDERED.

Dated: February 20, 2025  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge