```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
    SHARON MAHN,

                               Plaintiff,          1:24-cv-8326-GHW

              -against-

                                          MEMORANDUM OPINION &
    ALLEGIS GROUP, INC., *et al.*,                      ORDER

                              Defendants.
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

       This action is the latest in a fifteen-year-long series of disputes between Plaintiff Sharon Mahn ("Plaintiff") and Defendants Major, Lindsey, & Africa LLC ("MLA") and Allegis Group, Inc. ("Allegis," and together with MLA, "Defendants"). Plaintiff worked for MLA as a legal recruiter until 2009, when MLA terminated her for allegedly misappropriating confidential information about MLA's clients and selling that information to its competitors. Plaintiff and MLA disputed the termination in various forums for the next nine years—first in federal court, then in arbitration, then in New York state court—culminating finally in a multi-million-dollar judgment against Plaintiff for misappropriation of MLA's confidential information and trade secrets. Plaintiff later filed for Chapter 7 bankruptcy, MLA sought to prevent her from discharging her debt in bankruptcy, and Plaintiff's trustee in bankruptcy sued MLA and several of its employees for an alleged sexual assault that occurred while Plaintiff was still working at MLA in 2006.

       In this most recent action, Plaintiff alleges, among other things, that Defendants defamed her in their legal briefs in bankruptcy and state court. In bankruptcy court, MLA alleged that Plaintiff's debt could not be discharged because the Bankruptcy Code excepts debts from discharge if they are obtained through "fraud or defalcation while acting in a fiduciary capacity, embezzlement,

or larceny." 11 U.S.C. § 523(a)(4). In state court, MLA stated in a reply brief that it pursued arbitration against Plaintiff because it wanted to recover damages arising from Plaintiff's "criminal conduct." Plaintiff alleges that these statements were false because her conduct at MLA did not constitute "fraud," "defalcation," "embezzlement," "larceny," or otherwise "criminal conduct."

Plaintiff now seeks to disqualify Defendants' counsel in this action because the same counsel represented Defendants in connection with the allegedly defamatory briefs. Plaintiff contends that testimony from Defendants' counsel will be necessary at a trial regarding her defamation claims, and accordingly, that Defendants' counsel must be disqualified under the "witness-advocate rule," which prevents lawyers from advocating before a tribunal in which they are likely to be a witness on a significant issue of fact.

Plaintiff's motion for disqualification is, at a minimum, premature. The witness-advocate rule only requires disqualification of an attorney if the movant establishes that the attorney's testimony is necessary at trial and is substantially likely to be prejudicial to their client. At this early stage in the case, there is little, if any, evidence on the record to suggest that testimony from Defendants' counsel would be materially inconsistent with Defendants' case at trial. Because Plaintiff has not carried her burden of demonstrating that testimony from Defendants' counsel would prejudice Defendants' case, Plaintiff's motion to disqualify Defendants' counsel is DENIED.

## I. BACKGROUND[1]

### A. The Parties

MLA is a legal-recruitment firm. *See* Dkt. No. 24 ¶¶ 14, 185 ("Amended Complaint" or

---

[1] The following facts are drawn from Plaintiff's Amended Complaint and the parties' submissions in connection with this motion to disqualify. *See* Dkt. No. 26 at 2 ("Memorandum") (incorporating allegations in Amended Complaint); *Arenson Off. Furnishings, Inc. v. Kopelman*, No. 20-cv-10497 (MKV), 2021 WL 1758806, at *1 n.1 (S.D.N.Y. May 4, 2021) (taking facts from "the Complaint and the parties' submissions in connection with the pending motion to disqualify"). Facts are also drawn from public filings in the various other courts where the parties have litigated against each other, "not for the truth of the matters asserted in the other litigation[s], but rather to establish the fact of such litigation[s] and related filings." *Fecteau v. City of Mount Vernon*, No. 23-cv-9173 (KMK) (JCM), 2025 WL 754043, at *8 (S.D.N.Y. Mar. 10, 2025) (quotation omitted); *accord Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

"FAC"); Dkt. No. 29 at 3 ("Opposition"). It helps attorneys find jobs. *See* FAC ¶ 85; Opposition at 3. Allegis is MLA's parent company. *See id.* ¶¶ 68, 141. Plaintiff Sharon Mahn worked for MLA as a legal recruiter from 2006 until she was terminated in 2009. Dkt. No. 29 at 3 ("Opposition"); *see* FAC ¶ 185. She was allegedly terminated for disclosing MLA's proprietary information to a competitor firm. Partial Final Award at 5; State Court Judgment at 1; *see* FAC ¶¶ 186, 188.

### B. The Underlying Proceedings

In September 2010, MLA brought an arbitration proceeding against Plaintiff in connection with her alleged misappropriation of its proprietary information. Partial Final Award at 1–2; Final Award at 1; State Court Judgment at 1; *see* FAC ¶ 49. In 2014, after four years of proceedings, the arbitrator found, among other things, that Plaintiff had breached her employment agreement with MLA and misappropriated MLA's confidential information and trade secrets by divulging proprietary information regarding MLA's clients to its competitors. Partial Final Award at 5, 9; Final Award at 1. It awarded MLA $1,535,338 in disgorgement of Plaintiff's commissions, $232,288 in lost-opportunity damages, and $945,765.39 in "Arbitrator-adjusted litigation costs." Final Award at 24–25; *see also* State Court Judgment at 4 (confirming award and entering judgment in those amounts), *aff'd*, *Mahn*, 159 A.D.3d at 547.

On November 4, 2022, Plaintiff filed for Chapter 7 bankruptcy. *See* FAC ¶¶ 294–97; *In re*

---

Among the public filings that the Court has considered are the two arbitration awards that Defendants submitted in connection with their opposition brief. Dkt. No. 30 ("Goldstein Declaration"); Dkt. No. 30-1 ("Final Award"); Dkt. No. 30-2 ("Partial Final Award"); *see also* Dkt. No. 34 at 6–8 ("Reply") (Plaintiff discussing substance of arbitration awards without disputing that they may be considered in connection with this motion). The awards were issued in 2013 and 2014. Partial Final Award at 1 (issued on May 7, 2013); Final Award at 1 (issued on July 9, 2014). Both awards were submitted to the Supreme Court for the State of the New York, New York County in a proceeding in which Plaintiff petitioned to vacate the awards and MLA cross-petitioned to confirm them. *Mahn v. Major, Lindsey, & Afr., LLC*, Case No. 653048/2014, Dkt. Nos. 39 & 40. On May 26, 2015, the New York Supreme Court confirmed the awards, denied Plaintiff's petition for vacatur, and entered judgment in favor of Defendants. *Id.*, Dkt. No. 60 (the "State Court Judgment"). The judgment was affirmed on appeal. *Mahn v. Major, Lindsey, & Afr., LLC*, 159 A.D.3d 546, 547 (1st Dep't 2018).

3

*Mahn*, Case No. 22-11466 (MG) (Bankr. S.D.N.Y. 2022), Dkt. No. 1 (the "Bankruptcy Action").

On November 21, 2023, Plaintiff's trustee in bankruptcy brought suit against MLA and several of its employees in New York state court, alleging, among other things, that Plaintiff was sexually assaulted by an MLA employee in 2006 and that MLA was negligent in hiring and supervising the employee.[2] FAC ¶ 23 (citing *Mahn v. Lawrence N. Mullman, Major, Lindsey & Africa, LLC and Laurie Ann Caplane,* Case No. 952263/2023 (the "ASA Action")); *see* ASA Action, Dkt. No. 1 ¶¶ 95–120, 192–221.  On April 9, 2024, the Supreme Court for the State of New York, New York County granted MLA and its co-defendants' motion to compel arbitration of Plaintiff's claims in the ASA Action.  ASA Action, Dkt. No. 69; *aff'd*, *Mahn v. Mullman*, 235 A.D.3d 429, 429–30 (1st Dep't 2025).[3]

On July 5, 2024, MLA filed an adversary complaint against Plaintiff in the Bankruptcy Action, seeking to block the discharge of Plaintiff's debt to MLA under the State Court Judgment. FAC ¶¶ 31, 40 (citing *Major, Lindsey & Africa v. Sharon Mahn*, Case No. 24-02822 (MG)); *see Major, Lindsey & Africa v. Sharon Mahn*, Case No. 24-02822 (MG), Dkt. No. 1 (the "Adversary Complaint"). MLA alleged that the debt was not dischargeable by virtue of 11 U.S.C. § 523(a)(4), which excepts debts from discharge in bankruptcy if they are "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," Adversary Complaint ¶¶ 34–63, and by virtue of 11 U.S.C. § 523(a)(6), which excepts debts from bankruptcy if they are "for willful and malicious injury by the debtor to another entity or to the property of another entity," Adversary Complaint ¶¶ 64–73.  On February 10, 2025, the bankruptcy court granted Plaintiff's motion to dismiss MLA's claim that Plaintiff's conduct constituted "defalcation while acting in a fiduciary capacity," *In re Mahn*, 666 B.R.

---

[2] Plaintiff alleged that the suit was timely following the passage in 2022 of New York's Adult Survivor's Act.  ASA Action, Dkt. No. 1 ¶¶ 32, 168; *see* N.Y. C.P.L.R. 214-j.
[3] On April 15, 2025, Plaintiff's trustee in bankruptcy abandoned the ASA Action.  Bankruptcy Action, Dkt. No. 76. Plaintiff has maintained the ASA Action in her personal capacity.  *See id.*; FAC ¶ 23.

883, 896 (Bankr. S.D.N.Y. 2025), and denied Plaintiff's motion to dismiss MLA's claims that Plaintiff's conduct constituted "embezzlement," *id.* at 897; "larceny," *id.* at 898; and "willful and malicious injury," *id.* at 899.  *See* 11 U.S.C. §§ 523(a)(4), 523(a)(6).

### C. This Action

On November 1, 2024, Plaintiff brought this action against MLA and Allegis.  Dkt. No. 1. Plaintiff's Amended Complaint alleges six causes of action:  three for defamation, one for abuse of process, one for negligent infliction of emotional distress, and one for intentional infliction of emotional distress.  FAC ¶¶ 332–442.  Two of Plaintiff's causes of action for defamation—Count II and Count III—are relevant to this motion.  Plaintiff argues that a trial on those causes of action would require testimony from two attorneys at Smith, Gambrell & Russell, LLP (the "Firm"), the law firm at which both attorneys of record for Defendants are employed.  Memorandum at 2–4. The attorneys' anticipated testimony on those two causes of action, according to Plaintiff, requires disqualification of the Firm and all of its attorneys.  *Id.* at 6–7.

In Count II of the Amended Complaint, Plaintiff alleges that Defendants defamed her in a reply brief in support of MLA's motion to compel arbitration of her claims in the ASA action.  FAC ¶¶ 358–76; ASA Action, Dkt. No. 67 (the "Reply Brief").  In the Reply Brief, Defendants stated that MLA brought arbitration proceedings against Plaintiff in 2010 because "MLA wanted to recover the damages it suffered due to [Plaintiff's] criminal conduct."  Reply Brief at 4.  Plaintiff alleges that this statement was defamatory because her conduct while she was employed at MLA was not "criminal conduct."  *E.g.*, FAC ¶¶ 359–61.  Attorney David J. Doyle, who works at the Firm and is counsel of record for Defendants in this action, represented MLA in the ASA Action and was a signatory on the Reply Brief.  Reply Brief at 14; Memorandum at 2.  Plaintiff argues that Mr. Doyle's testimony will be necessary at a trial of Plaintiff's defamation claim arising from the Reply Brief, and accordingly, that his disqualification is warranted by virtue of Rule 3.7(a) of the New York Rules of

5

Professional Conduct. Memorandum at 4–6. Rule 3.7(a) provides, with certain exceptions, that "[a] lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." N.Y. R. Prof'l Conduct ("NYRPC") § 3.7(a).[4]

In Count III of the Amended Complaint, Plaintiff alleges that Defendants defamed her in the Adversary Complaint in the Bankruptcy Action. FAC ¶¶ 377–97. As discussed, the Adversary Complaint alleged that Plaintiff's debt to MLA could not be discharged in bankruptcy because her debt was "incurred by embezzlement, larceny, and/or defalcation while acting in a fiduciary capacity." Adversary Complaint ¶ 3; *see* FAC ¶ 378. Plaintiff alleges that this statement was defamatory because her conduct while she was employed at MLA did not constitute "larceny, embezzlement, or defalcation." FAC ¶ 379. Attorney Elizabeth L. Janczak, who works at the Firm,[5] represented MLA in connection with the adversary proceeding and was the sole signatory on the Adversary Complaint. Adversary Complaint at 11. Plaintiff argues that Ms. Janczak's testimony will be necessary at a trial of Plaintiff's defamation claim arising from the Adversary Complaint. Memorandum at 6–7. According to Plaintiff, the fact that Mr. Doyle and Ms. Janczak will have to testify at trial means the Firm, and all attorneys at the Firm, must be disqualified by virtue of Rule 3.7(b) of the New York Rules of Professional Conduct. *See id.* Rule 3.7(b) provides that "[a] lawyer may not act as advocate before a tribunal in a matter if . . . another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client." NYRPC Rule 3.7(b)(1).

**D. This Motion**

Plaintiff moved to disqualify Mr. Doyle, Mr. Goldstein, and the Firm by virtue of Rule 3.7

---

[4] Attorney Daniel S. Goldstein, who also works at the Firm and is an attorney of record for Defendants, was also a signatory on the Reply Brief. Reply Brief at 14. Plaintiff does not contend that Mr. Goldstein's testimony will be necessary at trial, and accordingly, does not contend that Mr. Goldstein should be disqualified by virtue of Rule 3.7(a). *See* Memorandum at 6–7; Reply at 2.
[5] Ms. Janczak is not a counsel of record for Defendants in this case.

on January 10, 2025.  Dkt. No. 25 (Motion); Dkt. No. 26 (Memorandum); Dkt. No. 29 (Opposition); Dkt. No. 30 (Goldstein Declaration); Dkt. No. 34 (Reply).

## II. LEGAL STANDARD

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quotation omitted).  "The dispatch of this duty is discretionary in nature." *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975).  "In determining whether to disqualify an attorney from representing a client, a court necessarily balances the client's right to select counsel of his choice against the need to maintain the integrity and high standards of the legal profession." *Nordwind v. Rowland*, 584 F.3d 420, 435 (2d Cir. 2009).  "[A]ny doubt is to be resolved in favor of disqualification." *Hull*, 513 F.2d at 571.

Though district courts have "broad discretion" in determining whether to disqualify attorneys, disqualification "is a drastic measure that is viewed with disfavor in this Circuit due to the delay it involves and its potential for misuse as a litigation tactic." *Canfield v. SS&C Techs. Holdings, Inc.*, No. 18-cv-08913 (ALC), 2020 WL 3960929, at *2 (S.D.N.Y. July 10, 2020) (quotation omitted) (collecting cases).  "In deciding disqualification motions, courts may look to 'the American Bar Association (AVA) and state disciplinary rules,' however 'such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification.'" *Id.* (quoting *Hempstead Video*, 409 F.3d at 132).  "Recognizing the serious impact of attorney disqualification on the client's right to select counsel of his choice," the Second Circuit has "indicated that such relief should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint." *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981); *see also Hempstead Video*, 409 F.3d at 132 (observing that "not every violation of a

7

disciplinary rule will necessarily lead to disqualification").

The "witness-advocate rule set out in Rule 3.7 of the New York Rules of Professional Conduct" may provide a basis for disqualification of an attorney and other attorneys that work in the same firm. *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 177–78 (2d Cir. 2009). As discussed, subsection (a) of the Rule provides, with certain exceptions, that "[a] lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." NYRPC § 3.7(a).[6] Subsection (b) of the Rule permits imputation of a lawyer's conduct to other lawyers who work at their firm: "A lawyer may not act as an advocate before a tribunal in a matter if . . . another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client." NYRPC § 3.7(b)(1).

"Rule 3.7 lends itself to opportunistic abuse." *Murray*, 583 F.3d at 178. "'Because courts must guard against the tactical use of motions to disqualify counsel, they are subject to fairly strict scrutiny, particularly motions' under the witness-advocate rule." *Id.* (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)). "The movant, therefore, 'bears the burden of demonstrating specifically how and as to what issues in the case . . . prejudice may occur and that the likelihood of prejudice occurring to the witness-advocate's client is substantial.'" *Id.* (quoting *Lamborn*, 873 F.2d at 531) (alterations omitted). "'Prejudice' in this context means testimony that is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'" *Id.* (quoting *Lamborn*, 873 F.2d at 531).

---

[6] There are five enumerated exceptions to Rule 3.7(a). The Rule does not apply if "(1) the testimony relates solely to an uncontested issue; (2) the testimony relates solely to the nature and value of legal services rendered in the matter; (3) disqualification of the lawyer would work substantial hardship to the client; (4) the testimony will relates solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or (5) the testimony is authorized by the tribunal." NYRPC 3.7(a).

8

In addition to its burden of demonstrating prejudice, a party seeking disqualification under the advocate-witness rule also "bears the burden of showing the necessity of the testimony." *Capponi v. Murphy*, 772 F. Supp. 2d 457, 472 (S.D.N.Y. 2009) (quotation omitted). "In determining necessity courts look not to whether counsel possesses discoverable knowledge, but whether trial of the case will in fact require his testimony." *Rothman v. Complete Packaging & Shipping Supplies, Inc.*, No. 22-cv-2821 (JS) (ST), 2023 WL 2740862, at *2 (E.D.N.Y. Mar. 31, 2023) (quotation omitted). "Testimony may be relevant and even highly useful but still not strictly necessary." *S&S Hotel Ventrues Ltd. Partnership v. 777 S.H. Corp.*, 69 N.Y.2d 437, 445–46 (1987). "The existence of additional witnesses with the ability to testify to the same facts is often fatal to a claim for disqualification under the lawyer as witness rule." *Rothman*, 2023 WL 274082, at *2.

"Moreover, although it may be determined at the close of discovery that disqualification is warranted, this alone may not disqualify counsel from pursuing pretrial representation." *Buhl v. Kesner*, No. 152548/2022, 2023 WL 2432051, at *2 (Sup. Ct., N.Y. County, Mar. 9, 2023) (collecting cases). "The witness-advocate rule is concerned with preventing potential taint *at trial*." *Prout v. Vladeck*, 316 F. Supp. 3d 784, 810 (S.D.N.Y. 2018) (quoting *Ross v. Blitzer*, No. 09-cv-8666 (HB), 2009 WL 4907062, at *3 (S.D.N.Y. Dec. 21, 2009)) (emphasis in original); *see also McDonald v. Hammons*, 129 F.3d 114 (2d Cir. 1997) (summary order) (observing that "the propriety of granting or denying a disqualification motion frequently only becomes clear at the conclusion of the underlying litigation"). "Thus, 'where there has been only limited discovery and it is not yet clear the extent to which an attorney's testimony might be necessary or prejudicial, numerous courts have found that motions to disqualify counsel are premature,'" *Prout*, 316 F. Supp. 3d at 810 (quoting *Ross*, 2009 WL 4907062, at *3 (collecting cases)), and "have expressly permitted attorneys who were potential witnesses at trial to continue their representation of their clients throughout pretrial proceedings, including discovery and dispositive motions," *Ross*, 2009 WL 4907062, at *4 n.5; *accord Arenson*, 2021

9

WL 1758806, at *4 ("Courts generally find that motions to disqualify are premature where . . . there has been only limited or no discovery and it is not yet clear the extent to which an attorney's testimony might be necessary or prejudicial." (quotation omitted)).

### III.   DISCUSSION

Plaintiff has failed to carry her burden, at least at this early stage, of demonstrating the prejudice necessary to warrant disqualification. *Murray*, 583 F.3d at 178. Because prejudice is an essential element of a motion for disqualification based on Rule 3.7, Plaintiff's motion is dismissed. *E.g.*, *id.*; *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 423 (S.D.N.Y. 2015).

#### A. Plaintiff Has Failed to Demonstrate that Mr. Doyle Would Offer Prejudicial Testimony

Disqualification of Mr. Doyle is not warranted because Plaintiff has not met her burden of demonstrating that testimony from Mr. Doyle at trial is "substantially likely to be prejudicial." *Prout*, 316 F. Supp. 3d at 809. Plaintiff argues that Mr. Doyle must be disqualified because, as a signatory on the Reply Brief, his testimony will be required at a trial of Plaintiff's claim that the Reply Brief was defamatory, Memorandum at 4–6, and Mr. Doyle's interests are so unaligned with Defendants' that his testimony would prejudice Defendants, *see id.* at 6. At a minimum, Plaintiff has failed to meet her burden on the latter element—the "'prejudice' prong of the disqualification inquiry." *John Wiley & Sons*, 126 F. Supp. 3d at 423. Accordingly, her motion to disqualify Mr. Doyle is denied.[7]

As discussed, on a motion for disqualification under the witness-advocate rule, "the challenging party carries a heavy burden of identifying the projected testimony of the advocate-witness and demonstrating how it would be so adverse to the factual assertions or account of events offered on behalf of the client as to warrant his or her disqualification." *Dishi v. Fed. Ins. Co.*, 976

---

[7] Because Plaintiff has failed to demonstrate the Mr. Doyle's testimony would be prejudicial, the Court does not address whether Plaintiff has carried her burden of demonstrating that Mr. Doyle's testimony at trial would be necessary. *See John Wiley & Sons*, 126 F. Supp. 3d at 423.

10

N.Y.S.2d 379, 380 (1st Dep't 2013) (quotations and alterations omitted). Plaintiff has not borne this burden with respect to Mr. Doyle because, on the record before the Court, there is "no reason to believe" that any testimony at trial from Mr. Doyle "would be inconsistent with [his] clients' account of the facts." *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 377 (E.D.N.Y. 2010); *see also Acker v. Wilger*, No. 12-cv-3620 (JMF), 2013 WL 1285435, at *3 (S.D.N.Y. Mar. 29, 2013) (denying motion to disqualify where movant failed to show that counsel's testimony "would differ from [non-movant's] or that any difference would be substantially prejudicial to [non-movant]"). To the contrary, Defendants' opposition, which is signed by Mr. Doyle, states that Defendants and Mr. Doyle "are perfectly aligned on [the] issue" of the appropriateness of the allegedly defamatory statements in Defendants' legal briefs, that "MLA was fully supportive" of its counsel's characterizations of Plaintiff's conduct "as 'criminal conduct,'" and that "[n]either MLA nor its counsel will be trying to distance themselves from that characterization." Opposition at 12.

At this early stage in the case, where "there has been . . . no discovery" that would contradict the statements from Defendants that their account at trial would "perfectly align[]" with their counsel's testimony, disqualification would be premature. *Arenson*, 2021 WL 1758806, at *4 (quotations and alterations omitted) (denying pre-discovery motion to disqualify based on attorney-witness rule because "[t]he declarations submitted by [the defendant] reflect that [his counsel's] testimony would, at least in part, be *consistent* with [the defendant's] position and affirm his account of events" (emphasis in original)); Opposition at 12; *accord Finkel*, 740 F. Supp. 2d at 377 (denying motion to disqualify based on attorney-witness rule for failure to demonstrate prejudice because, "based on [the nonmovant's] opposition, there is no reason to believe that counsel's testimony would be inconsistent with their clients' account of the facts"). Plaintiff speculates that Defendants may "have a claim for malpractice" against Mr. Doyle for including the allegedly defamatory statement in the Reply Brief, and that the potential for a malpractice claim creates "an inherent

11

conflict" between Defendants' and Mr. Doyle's interests. Memorandum at 6. But the mere potential for a malpractice claim, without more, does not suffice to carry Plaintiff's burden of demonstrating that testimony from Mr. Doyle would be "sufficiently adverse" to Defendants' "factual assertions or account of events" at trial to warrant disqualification. *Murray*, 583 F.3d at 178. Plaintiff has not provided any evidence that the specter of a malpractice claim is significant enough that testimony from Mr. Doyle is "substantially likely to be prejudicial." *Prout*, 316 F. Supp. 3d at 809 (quoting *Decker v. Nagel Rice, LLC*, 716 F. Supp. 2d 228, 231 (S.D.N.Y. 2010)); *see Rothman*, 2023 WL 2740862, at *3 (dismissing motion to disqualify based on witness-advocate rule where no evidence in the record supported movants' conclusory allegations of a misalignment in interests between nonmovant and nonmovant's counsel). It is possible that discovery may reveal such evidence later in this case,[8] but at this stage, prior to discovery, Plaintiff's assertion of prejudice based on the potential for a malpractice claim is too speculative to warrant disqualification. *See Capponi*, 772 F. Supp. 2d at 472 (denying motion for disqualification based on witness-advocate rule where nonmovant's counsel "denie[d] having any knowledge that would form the basis for testimony that would be adverse to his client's interests," and movant "only speculate[d] as to the nature of the testimony [counsel] would give").[9]

Because "there is no record to support [Plaintiff's] argument, or for the Court to find, that disqualification is appropriate," Plaintiff's motion to disqualify Mr. Doyle under Rule 3.7(a) is denied "without prejudice to renewal after discovery and any summary judgment motion practice, should the case not be resolved before trial." *Arenson*, 2021 WL 1758806, at *4; *accord Ross*, 2009 WL

---

[8] For the avoidance of doubt, the Court takes no position in this decision on the merits of Defendants' pending motion to dismiss, filed after Plaintiff's motion to disqualify, *see* Dkt. No. 31, or whether the factual account that Defendants have advanced in their briefing would shield their characterizations of Plaintiff's conduct from liability, *see* Opposition at 3–7, 13–14.

[9] The same lack of evidence that precludes a finding that Mr. Doyle would offer prejudicial testimony at trial applies equally to any potential testimony at trial from Ms. Janczak. Ms. Janczak is not a counsel of record for Defendants in this case, and accordingly, Plaintiff has not moved to disqualify her. *See* Memorandum at 7.

12

4907062, at *4 n.5.

### B. Plaintiff Has Failed to Demonstrate that Disqualification of the Firm is Warranted

Having failed to demonstrate that any attorneys from the Firm would offer testimony prejudicial to Defendant at trial, Plaintiff has also failed to carry her burden of demonstrating that the Firm, or any additional lawyers from the Firm, should be disqualified by virtue of Rule 3.7(b). Memorandum at 6–7. Rule 3.7(b), again, provides that "[a] lawyer may not act as advocate before a tribunal in a matter if . . . another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of a client, and it is apparent that the testimony may be prejudicial to the client." NYRPC § 3.7(b)(1). Rule 3.7(b) does not provide a basis for disqualification of a law firm or lawyers within a law firm unless, among other things, at least one lawyer at the firm will testify at trial and "the movant proves by clear and convincing evidence" that the lawyer-witness "will provide testimony prejudicial to the client." *See Murray*, 583 F.3d at 178–79; *accord, e.g.*, *Su v. Sotheby's, Inc.*, No. 17-cv-4577 (VEC), 2021 WL 3537189, at *4 (S.D.N.Y. Aug. 11, 2021). Here, as discussed, Plaintiff has not demonstrated at this stage that any attorneys from the Firm will offer prejudicial testimony at trial. *Supra* Part III.A. Accordingly, Plaintiff's motion to disqualify the Firm is dismissed without prejudice. Memorandum at 7. Plaintiff's motion to disqualify Mr. Goldstein, who works at the Firm but is not expected to testify at trial, is also dismissed without prejudice. *Id.* at 6–7.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to disqualify Defendants' counsel of record is DENIED without prejudice. The Clerk of Court is directed to terminate the motion pending at

Dkt. No. 25.

    SO ORDERED.

Dated: May 12, 2025  
New York, New York

                                                    GREGORY H. WOODS  
                                               United States District Judge